UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KEITH CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1216 |
| | ) | |
| STARK, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding pro se and presently incarcerated at Dixon Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was detained at the Peoria County Jail ("jail") in May 2024. He alleges that Defendants worked at the facility in the following capacities: Defendant Cramer was a correctional sergeant and Defendants Stark, Seip, and Morrison were correctional officers.

Plaintiff alleges that, on May 19, 2024, Defendant Cramer ordered the other defendants to

place Plaintiff into a restraint chair following an accusation that Plaintiff had thrown water through the cell door at Defendant Stark. Plaintiff alleges that he displayed no indication that he was going to harm himself, that he was housed behind a steel door by himself, and that he posed no threat of harm to other inmates.

Plaintiff alleges that Defendants Stark, Seip, and Morrison "slammed me to the ground, punched me in my upper body and head area with closed fist[s], and repeatedly lifted my head from the ground and banged it back into the cement ground" while carrying out Defendant Cramer's order. Plaintiff alleges Defendant Cramer held a taser to his body and threatened to shock him during this incident. Plaintiff alleges that unidentified officers punched him in the eye, pressed down on his neck, and "assaulted my head area" after he had been placed in the restraint chair. Plaintiff alleges that he suffered temporary loss of sight in the affected eye.

Detainees have a Fourteenth Amendment right to be free from the use of excessive force. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). To show a constitutional violation, Plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Id.*

The objective reasonableness inquiry is case-specific. *Id.* Courts "must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 hindsight." *Id.* Courts must consider the legitimate interests officials have in managing the facility and defer to the policies and procedures officials believe are necessary to preserve internal order, discipline, and security. *Id.* Other considerations include: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer;

and whether the plaintiff was actively resisting." *Id.* Officers who fail to intervene to prevent an imminent or occurring constitutional violation, despite a reasonable opportunity to do so, may also be held liable. *Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018); *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017).

Plaintiff's allegations permit a plausible inference that Defendants' alleged use of force was objectively unreasonable under the circumstances. Given the early stages of this case and the currently undefined roles each defendant played in the alleged incident, the allegations also support an inference that one or all of the named defendants may have failed to intervene to prevent the use of unconstitutional force. The Court finds that Plaintiff states Eighth Amendment claims for excessive force and failure to intervene against Defendants Cramer, Stark, Seip, and Morrison in their individual capacities.

**Plaintiff's Motion to Status (Doc. 7)**

Plaintiff's motion for status is denied as moot with entry of this Order. This Order addresses all outstanding issues.

**IT IS THEREFORE ORDERED:**

**1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states Eighth Amendment claims for excessive force and failure to intervene against Defendants Cramer, Stark, Seip, and Morrison in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90**

days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11.     **The clerk is directed to attempt service on Stark, Seip, Herman Morrison, and Keith Cramer pursuant to the standard procedures.**

12.     **Plaintiff's Motion [7] is DENIED.**

Entered this 22nd day of October, 2025.


_____
*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE